UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00268

———

**Daniel Joseph Adams,**
*Plaintiff,*
v.
**David Driskell et al.,**
*Defendants.*

———

## ORDER

Plaintiff Daniel Joseph Adams, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Doc. 4.

On September 14, the magistrate judge issued a report recommending that plaintiff's case be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b) for failure to state a claim upon which relief can be granted. Doc. 13. Plaintiff received the report on September 23, 2021 and submitted a written objection on October 14, 2021. Docs. 15, 18.

The objection was submitted after the fourteen-day deadline for objections and is thus late. The United States Court of Appeals for the Fifth Circuit has stated that "district courts need not consider late objections" to a report and recommendation. *Scott v. Alford*, No. 94-40486, 1995 WL 450216, at *2 (5th Cir. July 6, 1995). Therefore, it is within the discretion of the court whether to consider late-filed objections. *See Loredo v. Barnhart*, 210 F. App'x 417, 418 n.1 (5th Cir. 2006) (quoting *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988)). The court will address the plaintiff's objection because it does not change the outcome of its review in this case.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended

dismissal because the plaintiff does not allege any facts that would establish that any defendant was deliberately indifferent to his safety in connection with his injury in an attack by a fellow inmate. Doc. 13 at 5–7. Review of the complaint and the plaintiff's more definite statement confirm that assessment. Docs. 1, 9.

Plaintiff blames the failure of his claim on the lack of discovery and other limitations placed upon him by the court. Doc. 18. First, he says that the magistrate judge "admonished Plaintiff to answer just those questions put to him [in the order for a more definite statement], and [that he] was cautioned not to exceed those instructions given." *Id.* at 1–2. That assertion is inaccurate. The magistrate judge instructed the plaintiff to "answer the foregoing questions to the best of his ability based on personal knowledge and the information available to him" and advised that "legal research or resort to review of prison records" was not required. Doc. 7 at 2. There was nothing about the magistrate judge's order that prevented the plaintiff from including any known facts that he deemed material to his claims.

The plaintiff also complains of not being permitted to amend his complaint and asserts that, if he were permitted to do so, he would add a claim that the defendants engaged in a conspiracy that led to his attack. Doc. 18 at 2. But the plaintiff never sought leave to amend his complaint. Moreover, the conclusory, unsubstantiated conspiracy allegations in his objection would not state a plausible basis for relief even if they were presented in a proposed amended complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth.").

Finally, the plaintiff suggests repeatedly that it is unfair to dismiss his case without giving him the opportunity to develop the facts through discovery. Doc. 18 at 2–3. But the burdens of discovery do not fall upon defendants against whom a plaintiff cannot state a viable claim for relief. "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b).

*So ordered by the court on October 26, 2021.*

J. CAMPBELL BARKER
United States District Judge